IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Dallas Delorme, Delorme and Frank Racing Stables, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | Case No. 3:24-cv-11 |
| Michael Frank, | ) ) ) | |
| Defendant. | ) | |

Defendant and Counter Claimant Michael Frank moves for partial dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 2. Plaintiffs and Counter Defendants Dallas Delorme and Delorme and Frank Racing Stables, LLC oppose the motion (Doc. 8) and move for leave to file an amended complaint (Doc. 7). For the reasons below, the partial motion to dismiss is granted, and the motion for leave to amend the complaint is denied.

I.  **FACTUAL BACKGROUND**

The facts are taken from the complaint and are accepted as true for the purposes of deciding the motion to dismiss. Doc. 1-2. At the center of this case is a racehorse, provocatively named Satan's Mistress. Doc. 1-2 at 4. Frank and Delorme formed Frank Racing Stables, LLC (the "LLC") in 2013. Id. Frank contributed $23,000 to the LLC at start up, and Delorme contributed Satan's Mistress. Id. Per the operating agreement, Frank holds a 51% interest in the LLC, and Delorme holds the remaining 49% interest. Id.

Delorme alleges that over the last six years, Frank transferred three different foals of Satan's Mistress to his own name, then sold them, and did not share the proceeds as required by the operating agreement. Id. at 4. So, Delorme and the LLC sued Frank, alleging (1) breach of the operating agreement, (2) fraud, (3) theft of property, and (4) willful damage to property.

## II.     LAW AND ANALYSIS

Federal Rule of Civil Procedure 8(a) requires a pleading to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." But a complaint may be dismissed for "failure to state a claim upon which relief can be granted," and a party may raise that defense by motion. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570.

### A.     Fraud

Frank moves to dismiss the fraud claim, arguing the complaint has not satisfied the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. Doc. 3 at 2. Delorme and the LLC have not argued they satisfy the particularity requirement but suggest they should be allowed to amend the complaint. Doc. 8 at 3-4.

Starting with the fraud claim as alleged, a party's consent to a contract is not lawful if obtained through fraud. N.D. Cent. Code §§ 9-03-01 and 9-03-03(3). A heightened pleading standard applies when a complaint alleges fraud. See Fed. R. Civ. P. 9(b). "No particular form or language is required in alleging fraud so long as the elements constituting fraud may be found from reading the whole pleading." In re Estate of Dionne, 2009 ND 172, ¶ 11, 772 N.W.2d 891. To satisfy Rule 9(b), the party alleging fraud "must typically identify the 'who, what, where, when, and how' of the alleged fraud." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th

Cir. 2007) (quoting United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003)). The primary purpose of this particularity requirement is to "facilitate a defendant's ability to respond and to prepare a defense to charges of fraud." Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995).

> Taken from the complaint, this is the extent of the fraud allegation against Frank:
>
> Defendant fraudulently removed/stole Satan's Mistress, her gestating foal, the 2023 foal, and the 2022 foal, out of the LLC, which was accomplished by falsifying ownership paperwork showing the defendant and the owner of the mare, Satan's Mistress.

Doc. No. 1-2 at 5. These allegations identify the who and the what but are silent as to the where, when, and how of the alleged fraud. As alleged, fraud has not been pleaded with the necessary particularity under Rule 9(b). So, Frank's motion to dismiss the fraud claim is granted.

### B.     Leave to Amend Complaint

To correct the fraud deficiency, Delorme and the LLC move for leave to file an amended complaint to add more detailed allegations to the fraud claim. Doc. 7-1 at 4. They filed their proposed amended complaint for review. Doc. 7-2. Frank argues the amendment is futile. Doc. 15.

Though the district court "should freely give leave when justice so requires," plaintiffs do not enjoy "an absolute or automatic right to amend" a deficient complaint. United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). Futility is a well-recognized basis for denying a proposed amendment to a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962). The test for futility is identical to consideration of a motion to dismiss a complaint under Rule 12(b)(6). See Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (denial of motion for leave to amend on the basis of futility means the court reached the legal conclusion the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss).

In North Dakota, fraud consists of a contract between the parties; a misrepresentation of facts, suppression of facts, misleading another, or promising without an intent to perform; <u>reliance</u> on the false or misleading representation; and proof of actual damages proximately caused by the misrepresentation or nondisclosure. <u>WFND, LLC v. Fargo Marc, LLC</u>, 2007 ND 67, ¶ 25, 730 N.W.2d 841 (emphasis added). Here, the proposed amended complaint does not allege any reliance by Delorme and/or the LLC. It also still fails to allege the where, when, and how of the fraud. And tellingly, Delorme and the LLC do not seek recission, which is the remedy for a fraud claim. See <u>Heart River Partners v. Goetzfried</u>, 2005 ND 149, ¶ 21, 703 N.W.2d 330. Instead, they seek money damages from Frank's alleged breach of the operating agreement. After careful review, the proposed amendments to the fraud claim are futile, and as a result, the motion for leave to file an amended complaint is denied.

### III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons above, Frank's partial motion to dismiss (Doc. 2) is **GRANTED**, and Delorme's and the LLC's motion for leave to amend (Doc. 7) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of April, 2024.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court